# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 25-994V**
UNPUBLISHED

| | |
|---|---|
| GWENITH CULCLAGER on behalf of the estate of ROBYNNE BROUGHTON,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br><br>Filed: April 21, 2026 |

*Elizabeth K. Abramson,* Mctlaw, Washington, DC, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 13, 2025, Gwenith Culclager filed a petition for compensation on behalf of Robynne Broughton under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that an influenza vaccine Ms. Broughton received on April 1, 2023, caused Ms. Broughton to develop Guillain-Barré syndrome ("GBS") and ultimately die from the condition. ECF No. 1.

On April 16, 2026, Petitioner filed a motion for a decision dismissing the petition. ECF No. 25. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

### Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. The PAR Initial Order required Petitioner to file the supporting documentation set forth by the Vaccine Act. ECF No. 5. On August 11, 2025, Petitioner first filed medical records and continued to submit additional records until April 16, 2026.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 16, 2026, Petitioner filed a motion for a decision dismissing the petition stating that, "Extensive efforts were made to obtain records related to the allegedly causal vaccination. Despite those efforts, records documenting the allegedly causal vaccination could not be located and obtained." ECF No. 25 at 2. Petitioner understands that dismissal of the petition would result in a judgment against her and end all of Ms. Brouchton's rights in the Vaccine Program. *Id.*

### Grounds for Dismissal

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered an "on-Table" injury – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines within the applicable time frames, or 2) that the vaccinee suffered an injury not listed the Table or outside the applicable time frames, an "off-Table" injury, that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged an on-Table claim, i.e., that Ms. Brouchton's GBS was caused by the influenza vaccination.

Petitioner conceded that the records do not contain evidence of the vaccination and has requested dismissal. In the motion, Petitioner stated that, "[i]n the absence of records proving vaccination, it is unlikely that Petitioner would be able to prove that she is entitled to compensation in the Vaccine Injury Compensation Program." ECF No. 25 at 2.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."